UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                         Plaintiff,

v.

KHAYLAN D. BAYLARK,

                         Defendant.

Case No. 21-CR-227-JPS

**ORDER**

---

**1.    INTRODUCTION**

On November 9, 2021, a grand jury indicted Khaylan D. Baylark ("Baylark") on four charges connected to unlawful behavior with firearms. (Docket #1). Counts One and Three charge Baylark with knowingly making false written statements in order to complete two firearms purchases from federally licensed firearms dealers, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). (*Id.* at 1, 3). Counts Two and Four charge Baylark with knowingly possessing firearms while also knowing that he was an "unlawful user" of marijuana, in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2). (*Id.* at 2, 4). Baylark was arraigned on the charges and entered a plea of not guilty for all counts. (Docket #8).

On January 18, 2022, Baylark filed a motion to dismiss Counts Two and Four for three different reasons. (Docket #14). First, Baylark contends that § 922(g)(3) violates the Second Amendment because it is not narrowly tailored to a compelling government interest. (*Id.* at 2). Second, Baylark argues that § 922(g)(3) is unconstitutionally vague on its face and invites arbitrary enforcement. (*Id.* at 3). Third, Baylark argues that § 922(g)(3) is

unconstitutionally vague as applied to him. (*Id.* at 6). However, Baylark continually "recognizes that the law currently forecloses his challenges to the constitutionality of Title 18 U.S.C. § 922(g)(3)"; moreover, he acknowledges that his "as-applied challenge is not ripe for consideration until a factual record has been established at trial." (Docket #16).

On February 7, 2022, Magistrate Judge Stephen C. Dries issued a report and recommendation (the "R&R"), wherein he recommends that the Court deny Baylark's motion to dismiss. (Docket #17). In his objection to the R&R, Baylark acknowledges that "[t]he [R&R] is not incorrect in its application of this Circuit's binding precedent." (Docket #18 at 1). However, Baylark filed an objection to "preserve[] his arguments for later review" by the Seventh Circuit. (*Id.*) For the reasons stated herein, the Court will adopt the R&R, overrule Baylark's objection, and deny Baylark's motion to dismiss.

### 2. ANALYSIS

Baylark challenges the constitutionality of § 922(g)(3). Section 922(g)(3) provides as follows:

> It shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(3). The Court will address each of Baylark's challenges in turn.

### 2.1 The Second Amendment

Baylark first argues that § 922(g)(3) "violates the Second Amendment because it is not narrowly tailored to a compelling government interest"—a standard of review that he acknowledges the Seventh Circuit does not use in cases like this. (Docket #14 at 2).

In *United States v. Yancey*, the Seventh Circuit considered a Second Amendment challenge to § 922(g)(3) and "declined to wade into the 'levels of scrutiny' quagmire." 621 F.3d 681, 683 (7th Cir. 2010) (internal citations omitted). The court concluded that, while § 922(g)(3) must be more than a "merely 'rational'" limitation on the Second Amendment, it requires only "some form of strong showing" that the limitation is "substantially related to an important government objective" to survive review. *Id.* (citations omitted). Under this standard of review, the *Yancey* court reasoned that there is a strong enough "connection between drug use and violent crime" as to justify congressional interference with the Second Amendment. *Id.* at 686.

In *United States v. Cook*, the Seventh Circuit reaffirmed that "*Yancey* forecloses [a Second Amendment] challenge to section 922(g)(3)." 970 F.3d 866, 878 (7th Cir. 2020). *Yancey*, as the court notes, "held that there was a substantial relationship between the government's legitimate interest in preventing violent crime and [§ 922(g)(3)]'s ban on gun possession by unlawful drug users." *Id.* Without a reason to reconsider that precedent, the court "reject[ed] [the] Second Amendment objection to the statute." *Id.*

Based on the law in this circuit, the Court must reject Baylark's challenge that § 922(g)(3) violates the Second Amendment. As the R&R notes, Baylark adds a twist, suggesting that the evolving societal and legal landscape regarding marijuana use casts doubt on *Yancey's* continued

viability. However, marijuana possession and use remain illegal in Wisconsin, and the Seventh Circuit's rulings are binding on this Court.

### 2.2 Facial Vagueness Challenge

Baylark's next argument is that § 922(g)(3) is vague on its face. (Docket #14 at 3). Specifically, Baylark contends that, by leaving the term "user" undefined, the statute forces citizens to guess at what frequency, duration, timing, or degree they must use drugs so as to lose their Second Amendment rights. (*Id.*). Hypotheticals immediately spring to mind— Baylark asks, "Any use? One use? A few? Days apart? Weeks apart? Months apart? Years apart? How long does the prohibition persist after use? The next day? A week later? Must one wait a year?" (*Id.*)

These may be interesting questions, but the Seventh Circuit has already answered them. *See Yancey*, 621 F.3d at 682 (noting that the term "unlawful user" means "someone . . . who regularly ingests controlled substances in a manner except as prescribed by a physician"). And more importantly, the Seventh Circuit has held that § 922(g)(3) is impervious to hypotheticals like this:

> Whatever doubt there might be at the margins as to conduct potentially reached by section 922(g)(3), there can be no doubt as to the core of conduct that the statute (as construed by *Yancey*) proscribes: the possession of a firearm by an individual engaged in the regular, non-prescribed use of a controlled substance.

*Id.* at 874, 877. The Court must reject Baylark's argument that § 922(g)(3) is vague on its face.

### 2.3 As-Applied Vagueness Challenge

Finally, Baylark argues that § 922(g)(3) is unconstitutionally vague, as applied to him, because the statute fails to provide him with "sufficient

clarity" or "fair notice" of how or whether his alleged drug use renders him a prohibited firearm owner. (Docket #14 at 6). For an as-applied challenge, a court must examine the facts of the case before it, "not any set of hypothetical facts under which the statute might be unconstitutional." *United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011). Accordingly, given that there are factual disputes that remain in this case, and because Baylark concedes that the issue is premature, the Court will reject Baylark's argument.

3.  **CONCLUSION**

For the reasons stated above, and because Baylark largely does not disagree with the reasoning in the R&R based on current, binding precedent, the Court will adopt the R&R and deny Baylark's motion to dismiss. Baylark requests that, as to his third argument, the Court defer rather than deny his motion. (Docket #18 at 4). Baylark believes that this will enable him to develop a factual record on which he can pursue his as-applied challenge to § 922(g)(3). (*Id.*) But, as the Government discusses, it is not necessary to grant Baylark's request to preserve his future ability to raise an as-applied challenge. By his motion to dismiss and any future motion he brings after establishing a factual record, and by preserving his right to appeal as part of any potential plea agreement containing the stipulated facts that he believes will convince the Seventh Circuit to find § 922(g)(3) vague as applied to him, Baylark has and can preserve his right to appeal.

Accordingly,

**IT IS ORDERED** that Defendant Khaylan D. Baylark's objection to Magistrate Judge Stephen C. Dries' report and recommendation (Docket #18) be and the same is **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Stephen C. Dries' report and recommendation (Docket #17) be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that Defendant Khaylan D. Baylark's motion to dismiss (Docket #14) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2022.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge